**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30003 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00002-RRB-1 |
| v. | |
| JERRY LEE DONOVAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted January 13, 2010[**]
Seattle, Washington

Before: KLEINFELD and TALLMAN, Circuit Judges, and SETTLE,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

The parties are familiar with the facts and arguments in the case so we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Donovan bases his evidentiary argument primarily on Alaska forfeiture law and principles of state sovereignty. However, "evidence seized in compliance with federal law is admissible without regard to state law." *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1374 (9th Cir. 1988) (citation omitted). Cooperation and evidence sharing between state and federal agencies does not violate principles of state sovereignty.

Regarding the motion to suppress Donovan's inculpatory statements, the district court's factual finding after conducting an evidentiary hearing that Donovan's testimony was not credible and its ruling that he was not subject to a two-step interrogation were not illogical, implausible, or without support in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (citation omitted).

Finally, we hold that Donovan's waiver of his *Miranda* rights was knowing, intelligent, and voluntary. *See Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966). Following proper *Miranda* warnings, Donovan acknowledged he understood the warnings and then answered Sergeant Datta's questions, while remaining relaxed

2

and appearing coherent and rational. This is sufficient to constitute an implied waiver as long as that waiver was knowing, intelligent, and voluntary. *See United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1127, *amended on other grounds*, 416 F.3d 939 (9th Cir. 2005) (citations omitted). The district court held that "Donovan's age, experience and background corroborate the court's assessment that he had the capacity to under[stand] the warnings given him and to exercise those rights decidedly." In light of the record, the district court's finding that Donovan understood his rights is not illogical, implausible, or unsupported. *See Hinkson*, 585 F.3d at 1262. The record likewise demonstrates, by a preponderance of the evidence, that Donovan's waiver and subsequent statements were voluntary and were not the product of government coercion. *Colorado v. Connelly*, 479 U.S. 157, 169–70 (1986) (citations omitted).

**AFFIRMED.**